STATE v. B. J. BROWN.

*Indictment for Unlawfully Performing Marriage Ceremony—Personating Ordained Minister.*

1. A private citizen who personates an ordained minister and, with the consent of the parties, solemnizes a marriage between a man and woman is not guilty of any criminal offence known to the common or statute law.
2. Query as to the validity or effect of the action of the parties.

CRIMINAL ACTION, tried before *Starbuck, J.,* and a jury, at the March Term, 1896, of PENDER Superior Court, upon bill of indictment as follows:

" The jurors for the State upon their oath present that B. J. Brown, late of said county on the 14th day of March, 1895, in said county, not then and there being an ordained minister of any religious denomination or a justice of the peace of said county, and not being by law authorized so to do, did unlawfully, willfully and corruptly celebrate and solemnize a marriage between Joseph W. Smith, a male person, and Mary E. Newkirk, a female person, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State.

" And the jurors aforesaid upon their oath aforesaid do further present that the said B. J. Brown, in said county on the day and year aforesaid, not then and there being an officer authorized by law to celebrate a marriage, to-wit: an ordained minister of any religious denomination or a justice of the peace of said county, did unlawfully, willfully, corruptly and falsely presume to act as an ordained minister of the Missionary Baptist denomination ; and so presuming to act as such officer, did then and there in said

STATE *v.* BROWN.

county celebrate and solemnize a marriage between Joseph W. Smith, a male person, and Mary E. Newkirk, a female person, and then and there pronounce them man and wife, not being by law authorized so to do, contrary to the statutes in such cases made and provided and against the peace and dignity of the State.  And the jurors aforesaid upon their oath aforesaid do further present that the said B. J. Brown, in said county on the day and year aforesaid, not then and there being a public officer, duly authorized by law to celebrate a marriage, to-wit: an ordained minister of any religious denomination or a justice of the peace of said county, did unlawfully, willfully, corruptly, falsely and fraudulently personate an ordained minister of the Missionary Baptist denomination, and so unlawfully, willfully, corruptly, falsely and fraudulently personating an ordained minister of the Missionary Baptist denomination, a public officer authorized by law to celebrate a marriage, did then and there in said county celebrate and solemnize a marriage between Joseph W. Smith, a male person, and Mary E. Newkirk, a female person, and then and there pronounce them man and wife, to the great perversion of public justice, to the evil example of all others, contrary to the statutes in such cases made and provided, contrary to law, and against the peace and dignity of the State."

The jury returned a verdict of guilty against the said defendant.  The solicitor for the State prayed judgment. Refused, and the solicitor for the State excepted.  The defendant moved the court to arrest the judgment upon the grounds that the bill charged and the facts set forth therein constituted no indictable offence.  The motion was allowed and the solicitor appealed.

STATE *v.* BROWN.

*Attorney General* and *Messrs. Stevens & Beasley*, for the State.

No counsel *contra.*

FAIRCLOTH, C. J.: The indictment contains three counts: 1. Charging that defendant, not being an ordained minister or a justice of the peace, and not being by law authorized so to do, did unlawfully, willfully and corruptly solemnize a marriage between a male and female, &c. 2. Charging that defendant, not being authorized by law to celebrate a marriage, did unlawfully, &c., presume to act as an ordained minister and celebrate a marriage between a male and female person, and to pronounce them man and wife, contrary to the statute, &c. 3. Charging that defendant, not being a public officer, nor an ordained minister or justice of the peace, did unlawfully, &c., personate an ordained minister, and so celebrate a marriage between a male and female person and pronounce them man and wife, contrary, &c.

The jury rendered a verdict of guilty, and on motion of the defendant, judgment was arrested and the solicitor excepted and appealed. The record discloses no evidence by the State or the defendant, nor any exception, except as above stated. Assuming, however, every fact alleged to be true, we are unable to discover any criminal offence known to the law. We are referred to no authority for the position of the State. We were referred to *Code,* Section 1812, which only prescribes what is a valid marriage; also to *Code,* Section 1112, which imposes a penalty, and declares it to be a misdemeanor for any officer to fail to return process, &c., or for any person who is not authorized by law to presume to act as any such officer.

So, the case is that of a private citizen, unofficial, celebrating a marriage between a man and woman with their consent and they are not complaining, and are presumably

satisfied and enjoying their new relation.   We are not aware of any statute or principle of the common law declaring the action of the defendant to be a criminal offence.   We are not considering the validity or invalidity or effect of the action of the several parties.

Affirmed.